DIAMANTO LOGOTHETI & others[1] vs. HARLEY GORDON.

Suffolk. September 15, 1992. - February 16, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Attorney at Law*, Negligence, Attorney-client relationship. *Will*, Testamentary capacity. *Negligence*, Attorney at law. *Actionable Tort.*

Claims against an attorney alleging negligence and violation of G. L. c. 93A were properly dismissed, in circumstances where the attorney, who had drafted a will that was later disallowed on the grounds of undue influence and lack of testamentary capacity, owed no duty to the heirs at law who ultimately succeeded to the estate. [311-312]

CIVIL ACTION commenced in the Superior Court Department on July 7, 1986.

The case was heard by *Barbara J. Rouse*, J., on a motion to dismiss.

*Elliott J. Mahler* for the plaintiffs.

*Erik Lund* (*Thomas P. Fredell* with him) for the defendant.

O'CONNOR, J. In this appeal, we consider the sufficiency of a complaint filed in the Superior Court alleging that the defendant attorney, who drafted a will for a client, violated duties he owed to a potential heir at law to exercise reasonable care to assure that the client had testamentary capacity and was free from undue influence.[2] The complaint asserts the following material facts. On or about July 8, 1983, Mary Papouleas's friend, Bessie Zafferes, asked the defendant to draft a will for Papouleas. On the same day, the defendant

---

[1]Kalligpi Sotiropoulos, Cathy Mathoulomanohki, Helen Gerhouchi, Joan Speliotis, and Elizabeth Speliotis.

[2]An heir at law is one who would succeed to part or all of an estate under statutes of descent and distribution in the absence of a will.

met with Papouleas at her room at the Dana Farber Cancer Institute to obtain information to enable him to draft her will. Papouleas was "critically ill with cancer, heavily medicated and suffering from rapidly progressive deterioration of brain functioning. . . . Papouleas was ill-appearing, confused, and was being medicated through intravenous tubes. . . . Despite clear signs that Papouleas was not fit to execute a will, [the defendant] failed to inquire of any medical personnel at the Dana Farber Cancer Institute as to Papouleas' condition or whether Papouleas was of sound mind or otherwise able to execute a will." According to the complaint, the defendant conducted the discussions with Papouleas about the will "through the translations of the son-in-law and daughter of Papouleas' friend, Bessie Zafferes, who was also present at the will discussions, and who was to purportedly be a beneficiary of Papouleas' will. . . . [The defendant] . . . presented Papouleas with the purported will for signing on July 9, 1983, and as co-executor with Bessie Zafferes, offered the will for probate after Papouleas' death, which occurred on July 17, 1983."

The complaint alleges that Zabeta Filipou was an heir of Papouleas, that Filipou died after Papouleas's death, and that the plaintiffs are heirs of Filipou. The complaint also says that "[a]fter Papouleas' purported will was offered for probate, Filipou duly objected . . . on grounds of lack of testamentary capacity, undue influence and fraud," that a judge of the Probate and Family Court disallowed the will on the grounds of undue influence and lack of testamentary capacity, and that Filipou incurred counsel fees and expenses in connection with that proceeding. In count I, which is based on a negligence theory, the plaintiffs say in substance that, because they ultimately succeeded to Filipou's estate, which was diminished by the counsel fees and expenses Filipou was required to pay, they were damaged by the defendant's asserted violation of his duty to Filipou. In count II, the plaintiffs assert that the defendant's conduct constituted wilfully unfair and deceptive acts and practices entitling them to

triple damages and attorney's fees under G. L. c. 93A, § 2 (1990 ed.).

The defendant moved to dismiss the plaintiffs' complaint. A judge allowed the motion, reasoning that the "plaintiffs' action for negligence based on the diminution of Filipou's estate does not survive" because, "[w]hile [the defendant's] conduct may have interfered with Filipou's collection of her share of Papouleas's estate, such interference does not constitute damage to specific personal property," as required by G. L. c. 228, § 1, for a cause of action to survive. The plaintiffs appealed, and we transferred the case here on our own initiative. We affirm the judgment below based on our conclusion that the defendant did not owe a duty of care either to Filipou or to the plaintiffs.[3],[4],[5]

"In testing the correctness of a judgment dismissing a complaint for failure to state a claim on which relief can be granted, we accept as true all of the allegations of the complaint and all reasonable inferences which may be drawn from the complaint and which are favorable to the party whose claims have been dismissed. *Jones* v. *Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 388 (1975). Further, a motion to dismiss a complaint on such grounds should not be allowed unless it appears certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of his claim. *Romano* v. *Sacknoff*, 4 Mass.

---

[3]We have construed the complaint as alleging a violation by the defendant of a duty owed to Filipou, resulting ultimately in damage to Filipou's heirs, the plaintiffs. Apart from any questions of survivorship of a cause of action, the plaintiffs would fare no better if we were to construe the complaint as alleging that the defendant violated a duty owed to the plaintiffs. Surely, the defendant owed no greater duty to the plaintiffs than he owed to Filipou.

[4]We do not address the issue, not specifically raised by the defendant, whether the plaintiffs have standing to assert a claim based on an alleged violation of duty owed to Filipou but not to them. We assume, without deciding, that the plaintiffs have standing.

[5]It is clear that the plaintiffs do not purport to assert a claim belonging to Papouleas's estate. Therefore, we need not decide whether the defendant might be liable to Papouleas's estate for violating a duty the defendant owed to Papouleas.

App. Ct. 862 (1976)." *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 191 (1982).

The plaintiffs contend that no privity (as exists between attorney and client) is required between an attorney, who drafts a will, and persons, such as Filipou, who are disinherited by the will. They contend that mere foreseeability of harm is sufficient to impose a duty owed to potential heirs. We disagree. We are content that the plaintiffs are not entitled to relief under any combination of facts that could be proved in support of their claims.

Courts in other jurisdictions have held that, in some circumstances at least, an attorney owes to the intended beneficiaries of a competent testator a duty to exercise reasonable care and skill in the drafting of will provisions that are enforceable and in making sure that the will is properly executed and witnessed. See, e.g., *Lucas* v. *Hamm*, 56 Cal. 2d 583 (1961), cert. denied, 368 U.S. 987 (1962); *Ogle* v. *Fuiten*, 112 Ill. App. 3d 1048 (1983); *Auric* v. *Continental Casualty Co.*, 111 Wis. 2d 507 (1983). In those cases, there is no conflict between the duty the attorney owes to his or her client and the duty the attorney owes to intended beneficiaries. The beneficiaries, like the testator, want the will allowed.

The present case is significantly different from those cases. Here, there is no suggestion in the pleadings that Filipou was an intended beneficiary of a competent testator's will. Rather, the allegation is that the defendant prepared, attended to the execution of, and presented for probate Papouleas's will which, if allowed, would have deprived Filipou of an intestate share of Papouleas's estate. An attorney owes to a client, or a potential client, for whom the drafting of a will is contemplated, a duty to be reasonably alert to indications that the client is incompetent or is subject to undue influence and, where indicated, to make reasonable inquiry and a reasonable determination in that regard. An attorney should not prepare or process a will unless the attorney reasonably believes the testator is competent and free from undue influence. In making the required determi-

nation, the attorney must have undivided loyalty to the client. See S.J.C. Rule 3:07, DR 7-101, as appearing in 382 Mass. 784 (1981) ("Representing a Client Zealously"). A fair, objective determination in every case is in the best interest of the client. However, the financial interest of one who would only take by intestate succession would not be served in those cases where the attorney decides that the client is competent and free from undue influence, and a will is prepared. If we were to hold that, in the circumstances of this case as alleged in the complaint, the defendant attorney owed a duty of care both to Papouleas and Filipou, we would be imposing conflicting duties on attorneys. This we shall not do. Our decision is consistent with our case law. See *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 524-525, cert. denied, 493 U.S. 894 (1989); *Page* v. *Frazier*, 388 Mass. 55, 63 (1983). We conclude that the plaintiffs will be unable to prove any set of facts entitling them to recovery under count I alleging negligence. Our decision is essentially based on policy. The same policy considerations also lead us to conclude that the Legislature did not intend that, in the circumstances of this case, the plaintiffs should be entitled to recover for "unfair or deceptive acts or practices" under G. L. c. 93A, § 2.

*Judgment affirmed.*