Gershengorn, J.
I. INTRODUCTION
Plaintiff, Georgianna K. Donadío McCormack, formerly known as Georgianna Donadío (“McCormack”), brought this action against several defendants, including Robert W. Bozenhard, Jr., Mary A. Socha, John P. Ely and Mark J. Kolber, individually, and doing business under the name and style of Bozenhard, Socha, Ely & Kolber (collectively hereinafter “Bozenhard”) for professional malpractice and negligent certification of record title to certain real estate described and otherwise known as Yonder Hills Estates at or on Skyline Trail in Middlefield, Hampshire County, Massachusetts (the “Property”).
Defendant, Attorney Bozenhard,. has moved for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). Attorney Bozenhard argues that because he served exclusively as the Bank’s closing attorney, he owed no duty of care to Plaintiff. Additionally, Attorney Bozenhard argues that the Certificate of Title he provided expressly enumerates exceptions which limit the coverage of his certification and, therefore, he cannot be held liable for his actions connected to the closing. For the reasons that follow, defendant’s motion for judgment on the pleadings is Granted.
BACKGROUND
For the purposes of the present motion for judgment on the pleadings, the following relevant facts, taken from Plaintiffs complaint, are assumed to be true:
On or about April 24, 1981, the Plaintiff purchased the Property from Thomas J. Manion and Nicola M. Manion for the sum of One Hundred Thirty-five Thousand and No/100 ($135,000.00) Dollars. The purchase and sale of the Property is evidenced by a deed from Thomas J. Manion and Nicola M. Manion to Plaintiff, dated April 24, 1981 had recorded in the Hampshire County registry of Deeds in Book 2220, Page 78 (the “Deed”). The Deed conveys two (2) parcels of land, to wit:
a. PARCEL 1, which conveys fifty (50) acres, more or less,
b. PARCEL 2, which conveys the following:
PARCEL 2: The land excepted in deed of Robert S. Kneeland to Hugh S. Miller, et ux, dated October 2, 1943 and recorded in the Hampshire County Registry of Deeds, Book 977, Page 351, lying on the westerly side of the highway from Chester to Mid-dlefield northerly of the driveway then leading from said highway to the house now or formerly of Rev. John Brittain Clark; conveying also the pump house near the easterly side of the said premises granted to said Miller and the spring from which water is pumped to said pump house and all land lying within fifty (50) feet of said spring or said pump house, and all structures thereon and all pumps, machinery, and equipment therein or used in connection therewith, and all water pipes leading from said spring to said pump house and from said pump house across the said premises granted to the said Miller to the house of the said Kneeland on the westerly side of said highway leading from Chester to Middlefield.
Together with the right to enter upon the premises granted to said Miller with teams, trucks, or other conveyances for the purposes of operating and repairing said machinery in said pump house and *158 other structures and the right of maintaining, repairing, and renewing the pipes and equipment used for supplying water to said house of the said Kneeland on the westerly side of the Highway leading from Chester to Middlefield, including the right to make such excavations on the premises granted to said Miller as may be necessary for the repair, maintenance, or renewal of said pipes and for the operation of said water system.
Together with the right appurtenant to the land hereby conveyed on the westerly side of said Chester-Middlefield Highway, to take water from a certain spring located a short distance westerly of said highway and southerly of said driveway leading to the house now or formerly of said Clark.
In order to purchase the Property, Plaintiff utilized proceeds issued by Defendant United Cooperative Bank, also known as Westfield Cooperative Bank (the “Bank”), in consideration of Plaintiffs grant of a first purchase money mortgage on the Property in favor of the Bank. Defendant Gerald L. Galego (“Galego”) acted as closing agent for the Bank in 1981. Galego conducted an examination of record title to the Property in connection with Plaintiffs purchase and mortgage of the Property, and Galego issued a Certificate of Title to the Property to Plaintiff.
On or about August 6, 1985, Plaintiff granted a second mortgage to the Bank. Attorney Bozenhard issued to the Bank and to Plaintiff aCertificate of Title dated August 6, 1985 (the “Certificate of Title”). The second paragraph of the Certificate of Title states as follows: “CERTIFICATION FROM DATE OF FIRST MORTGAGE ONLY.” In addition, the Certificate ofTitle affirmatively states:
I [Attorney Bozenhard] have examined title to the premises described in a mortgage dated August 6, 1985 given by Georgianna Donadio to you [the Bank], in the records of the Hampshire County Registry of Deeds and of the Probate Court for the County of Hampshire, and I hereby certify that at the time I recorded said Mortgage the Mortgagor(s) holds a good and sufficient record title to the premises, free from all encumbrances, accepting only matters which are expressly enumerated, and the Mortgagee holds a good and sufficient record 2nd mortgage to the premises, subject only to the matters excepted by this Certificate. (Emphasis added.)
On or about February 14, 1992, Plaintiff received a report from Lindwood H. Fisk, (“Fisk”) a Registered Land Surveyor, which indicated that the description designated as PARCEL 2 fails for vagueness and inadequacy. Fisk stated: “I believe that you [Plaintiff] own about 50 acres and not the 83 acres of the buy and sell agreement . . .” Plaintiff thereafter brought this present action.
DISCUSSION
When evaluating the sufficiency of pleadings for purposes of Mass.R. Civ.P. 12(c), the court must take all of the nonmoving party’s well-pleaded material allegations as true. Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976).
It is undisputed that the Bank and the Plaintiff engaged in a loan and second mortgage transaction on or about August 6, 1985. At the closing of this transaction, which was a refinancing of the Property, the Bank was given a Certificate of Title rendered by Attorney Bozenhard. Attorney Bozenhard represented the Bank during this transaction. It is likewise undisputed that Attorney Bozenhard provided Plaintiff, as mortgagor, with a copy of the Certificate of Title in connection with the second mortgage. At no time did Attorney Bozenhard represent Plaintiff regarding this transaction. Merely providing a certificate of title in a mortgage transaction does not establish an attorney-client relationship. See Page v. Frazier, 388 Mass. 55 (1983).
An attorney’s liability for negligence has traditionally been limited to the attorney’s client. Savings Bank v. Ward, 100 U.S. 195 (1879). It is well established that there is no liability to third parties outside of the attorney-client relationship because privity of contract is required in professional negligence actions. David A. Barry, Legal Malpractice in Massachusetts, 63 Mass. L. Rev. 15, 21, n.6 (1978). Although the Supreme Judicial Court has not specifically abrogated the privity rule with respect to professional negligence actions, it has been argued that privity is no longer a bar to legal malpractice actions in Massachusetts. Id. at 23-26. See also, Note, Attorney Negligence in Real Estate Title Examination and Will Drafting: Elimination of the Privity Requirement as a Bar to recovery by Foreseeable Third Parties, 17 New. Eng. L. Rev. 957 (1982).
In order for Plaintiffs claims against Attorney Bozenhard to succeed, Plaintiff must establish the existence of an attorney-client relationship, see DaRoza v. Arter, 416 Mass. 377, 381 (1993), or that Attorney Bozenhard knew or should have known that the Plaintiff would have relied on the services he provided to the Bank. Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989)..
In Page v. Frazier, 388 Mass. 55 (1983), the Supreme Judicial Court held that a mortgagee’s attorney did not owe a duty to the mortgagor/purchaser for a title searching error, even though the mortgagor was bound to pay for the attorney’s services under the mortgage contract. Id. at 63. The court based its decision on the fact that the mortgage application contained a “conspicuous" statement that the attorney specifically represented the mortgagee’s interests and that the mortgagor would have to retain its own attorney to represent its interests. Id. at 65. The *159 Supreme Judicial Court, however, specifically stated that it is possible that a conveyancing attorney may be held liable for negligence resulting in harm to third parties where the attorney is aware that the third party will foreseeably rely on the attorney’s actions. Id. at 64-65.
Plaintiff has not proven or even alleged that an express or implied attorney-client relationship existed between herself and Attorney Bozenhard. To the contrary, at count three, paragraph h of the complaint, Plaintiff alleges that “defendant Bank did appoint. . . Robert W. Bozenhard, Jr ... as its attorney . . . (emphasis added). Attorney Bozenhard undoubtedly represented the Bank and not Plaintiff during the second mortgage transaction on or about August 6,1985. This Court finds there was no attorney-client relationship between Attorney Bozenhard and Plaintiff.
Absent an attorney-client relationship, courts will recognize a duty or reasonable care only if the attorney knows or has reason to know a nonclient is relying on the services rendered. See Spinner v. Nutt, 417 Mass. 549, 552 (1994); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. at 524. However, courts will not impose a duty of reasonable care on an attorney if such an independent duty would potentially conflict with the duty the attorney owes to his or her client. See Spinner v. Nutt, supra at 552; Logotheti v. Gordon, 414 Mass. 308, 312 (1993). See DaRoza v. Arter, 416 Mass. at 383-84.
There is no allegation that Attorney Bozenhard knew Plaintiff would rely on the services provided to the Bank. Assuming arguendo that Attorney Bozenhard could have known or had reason to know that Plaintiff would rely on the Certificate of Title, any reliance by Plaintiff would only have been reasonable as it related to the title of the Property from April 24, 1981, to August 6, 1985.
The Certificate of Title given to Plaintiff by Attorney Bozenhard is limited by its very terms to the dates involved in the second mortgage transaction. Contained on the face of the Certificate are the words “Certification from date of first mortgage only.” Attorney Bozenhard examined and certified title only for the period from April 24, 1981, the date Plaintiff originally purchased the Property and granted to the Bank a first mortgage, to August 6, 1985, the date of the second mortgage. In essence, Attorney Bozenhard’s duty was accurately completed when he checked and certified title to the Property as it related to the time period between April 24, 1981, to August 6, 1985.
It is also well settled that an attorney has no duty to a nonclient where the nonclient has potentially conflicting interests with that of the attorney’s client. See e.g., Page v. Frazier, 388 Mass. at 65 (title examiner for mortgagee bank not liable to mortgagors); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. at 524 (attorney for corporation is not attorney for stockholders, officers or directors); Logotheti v. Gordon, 414 Mass. at 312 (will draftsman owes no duty to heirs at law); Lamare v. Basbanes, 418 Mass. 274, 276 (1994) (father’s attorney in custody dispute owes no legal duty to mother or children).
In this case, Attorney Bozenhard’s client, the Bank, had an interest in extending a loan to Plaintiff and in securing the repayment of that debt by Plaintiff. The nonclient Plaintiff wanted to acquire money from the Bank and protect her interest in the Property. These competing interests present the potential conflict in this second mortgage transaction.
Moreover, Attorney Bozenhard owed no duty of care to Plaintiff based on the affirmative duties conferred by G. L.c. 93, §70. The statute invokes a statutory duty to provide a title certificate only “(i]n connection with the granting of any loan or credit to be secured by a purchase money first mortgage on real estate ...” G.L.c. 93, §70. (emphasis added). In this case, the transaction involved a refinancing of the real estate, not a purchase money mortgage or first mortgage on the Property, and therefore did not fall within the statutory edict.
Lastly, the Certificate of Title explicitly contains a clear list of exceptions which are not covered by the certification:
This Certificate of Title expressly excludes any opinion as to the effect on the title of the following listed exceptions: . . .
3. Defects, liens, encumbrances, easements, adverse claims or other matters affecting the title which either have not been recorded with the aforesaid Registry of Deeds or registry of Probate or are not required to be so recorded to affect the title.
4. Any state of facts or error of description which may be revealed by a personal inspection or accurate survey of the premises . . .
6. Any opinion as to the physical condition of the premises.
The exceptions listed clearly outline the scope of coverage provided by the Certification. Given the conspicuous nature of these exclusions, any reliance beyond the defined limits of the Certificate of Title on the part of Plaintiff would be unforeseeable and unreasonable.
ORDER
Accordingly, it is ORDERED that Defendant Robert W. Bozenhard’s Motion for Judgment on the Pleadings be, and the same hereby is ALLOWED.