SUSAN G. FISTEL *vs.* MARK J. FAVALORO & another.[1]

No. 04-P-883.

Middlesex. April 4, 2005. - June 2, 2005.

Present: ARMSTRONG, C.J., LENK, & COWIN, JJ.

*Attorney at Law,* Malpractice, Duty to nonclient.

In a civil action alleging legal malpractice arising from a real estate transaction in which the plaintiff, who was the buyer in that transaction, relied to her detriment on the defendant attorney, who represented the lending bank, the plaintiff failed to demonstrate that the defendant had a duty to her as a nonclient. [652-653]

CIVIL ACTION commenced in the Superior Court Department on October 31, 2000.

The case was heard by *Wendie I. Gershengorn,* J., on a motion for summary judgment, and entry of separate and final judgment was ordered by *Margaret R. Hinkle,* J.

*Valeriano Diviacchi* for the plaintiff.

*Ralph G. Picardi* for the defendants.

LENK, J. This case involves a straightforward real estate transaction in which the buyer, Susan Fistel, relied to her peril upon Mark Favaloro, the lending bank's attorney, whose review of the deed was apparently deficient. The summary judgment record suggests no basis that would warrant such reliance, and judgment entered for the attorney on the buyer's claims. The buyer appeals, claiming that it was foreseeable that she would rely on the attorney who, in the circumstances, had a duty to her as a nonclient. We affirm.

The pertinent undisputed facts are these. The plaintiff buyer

[1] Roberta A. Schreiber.

signed an agreement to purchase a mixed-use residential and commercial building at 1435-37-39 Main Street in Brockton, together with six deeded parking spaces at the rear of a lot located up the street at 1449 Main Street. Despite having been expressly informed by her lending bank well before the closing that she could obtain her own counsel, she did not do so. At the closing, the buyer questioned the seller's real estate broker as to whether the parking spaces were included. The broker assured her that they were, while the lender's attorney, the defendant Favaloro, said nothing. The attorney evidently failed to discover that the deed did not in fact convey the parking spaces. When the buyer subsequently discovered the discrepancy, she sued, among others, the attorney, upon whom she claimed to have relied in accepting the deed.[2]

The buyer plainly understood that the bank's attorney represented the bank and did not represent her; she knew in advance of the closing that she was free to retain counsel to represent her interests in the transaction. While not asserting the existence of an attorney-client relationship between herself and the bank's attorney, she maintains that the attorney is nonetheless liable to her as a nonclient, particularly given the arguable congruity of the bank's and buyer's interests with respect to the inclusion of the six parking spaces in the conveyance.

The case is governed in all material respects by *Page* v. *Frazier*, 388 Mass. 55 (1983). Here, as there, the buyer made the "conscious decision, after disclosure, to elect the riskier path" of not obtaining her own counsel to represent her interests. *Id.* at 66. Notwithstanding some putative overlap in the bank's and buyer's interests in the parking spots that were not conveyed, the bank's attorney at all times had an "independent and potentially conflicting duty" to his client, the lending bank. *Id.*

---

[2]The buyer also sued the seller, broker, and, on a theory of vicarious liability, the attorney's law partner. The seller and broker have settled with the buyer. The judge entered summary judgment for the attorneys, dismissing all of the buyer's claims against them. The buyer presses only the legal malpractice claim in her brief on appeal. The remaining claims sounding in intentional or negligent infliction of emotional distress and violation of G. L. c. 93A are deemed waived under Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

at 63.[3] "Where, as here, a nonclient takes the chance that the client's interests are in harmony with [her] own, and does so in the face of an express warning that the interests may differ, [her] claim of foreseeable reliance cannot be rescued simply because, in retrospect, the interests are shown not to have differed." *Id.* at 66.

*Judgment affirmed.*

---

[3]As in *Page* v. *Frazier, supra* at 60-61, there is no suggestion here that the premises conveyed were to be occupied by the buyer or otherwise fell within the protection afforded a borrower by G. L. c. 93, § 70.