Roach, Christine M., J.
This is an action arising out of the purchase and sale of a residential home. Plaintiffs allege that despite certain documentation and representations at closing, the septic system for the home they purchased was non-compliant with 310 CMR section 15.000 et seq. (“Title 5”). Plaintiffs have sued the sellers (Defendants Wyson), the sellers’ inspector (Defendant Foster), and their own mortgage lender’s counsel (Defendant Pellegrini) on various theories of tort and contract. Defendant Pellegrini has moved, pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss on the ground that the Complaint filed October 31, 2007 fails to state a claim against him. For the reasons discussed at hearing on April 22, 2008, and outlined herein, Defendant Pellegrini’s motion is ALLOWED.
Defendant Attorney Pellegrini never represented the Plaintiffs, and the Complaint does not allege otherwise. Rather, Defendant Pellegrini was present at the closing in his capacity as counsel to Plaintiffs’ mortgage lender. See Complaint, paras. 15 and 37. Plaintiffs allege at Count IV that Defendant Pellegrini was negligent for “accepting at the closing] the documentation provided by the Defendant Wysons stating that the premises conformed to Title 5 although knowing said documentation did not contain the requisite approval by the City of Gardner Board of Health.” Complaint, para. 38.
The law is clear in Massachusetts that, subject to very limited exceptional circumstances, an attorney does not owe a legal duty to anyone other than his own client. Thus, to sustain a claim for negligence against an attorney, a party must first be able to demonstrate *77 that an attorney-client relationship existed, as a foundation for the tort duty. Whether such a duty exists is a question of law, either based on an express agreement between the parties, or implied from their conduct. Logotheti v. Gordon, 414 Mass. 308, 312 (1993) (affirming allowance of motion to dismiss attorney defendant); Spinner v. Nutt, 417 Mass. 549 (1983) (same); Da Roza v. Arter, 416 Mass. 377, 381 (1993) (question of law). Only a very limited exception exists to this rule, which may, in appropriate circumstances, impose a duty when the attorney could have foreseen that the non-client will reasonably rely on the services rendered.[1] Spinner, 417 Mass. at 552.
Plaintiffs concede that there was no attorney-client relationship, either agreed or implied in fact, but argued at hearing for a conclusion that exceptional circumstances may exist here to impose a duty, because: 1) they were first-time home buyers; 2) they attended the closing without legal counsel of their own; and 3) there was a “clear concern” in the transaction about Title 5. None of these alleged facts is pleaded on the face of the Complaint. But even if they were, they would not suffice to bring this case within the narrow exception. The law is clear that a claim by the non-client of actual reliance (see Complaint, para. 38), is not enough. The attorney must be in a position “reasonably [to] foresee that the non client will rely upon him for legal services.” DaRoza, 416 Mass. at 383, n.7. There is no such allegation here — nor could there be, given the undisputed differing interests of lender and borrower in any residential real estate transaction.[2] The law will not impose a duty of reasonable care on an attorney if such an independent duty would potentially conflict with — that is, materially differ from — the duty owed to his actual client. Lamare v. Basbanes, 418 Mass. 274, 276 (1994) (will not impose duty where potential conflict); Spinner, 417 Mass. at 552 (less likely to impose duty); Da Roza, 416 Mass. at 382-84 (less likely); Logotheti v. Gordon, 414 Mass. 308, 312 (1993) (will not impose duty).
Taking all of the allegations of the Complaint here as true, as well as all reasonable inferences drawn from representations at hearing in the light most favorable to Plaintiffs, they cannot make allegations sufficient to state a claim against Defendant Pellegrini, in his capacity as counsel to the lender. Defendant Pellegrini is accordingly DISMISSED from this action.

 Plaintiffs plead (and argue) no agreement, and none of the elements for a relationship by implication — that is, advice sought, pertaining to matters within the attorney’s professional competence, which the attorney expressly or impliedly agrees to, or does give — is present here. DaRoza, 416 Mass. at 381.

 See, e.g., Page v. Frazier, 388 Mass. 55, 63 (1983) (potentially conflicting duty); Fistel v. Favolaro, 63 Mass.App.Ct. 651 (2005) (purchaser relied to her peril on lending bank’s attorney).