Budd, Kimberly S., J.
The plaintiff, Vincenzo Masciari (“Vincent”), in his capacity as the executor of the estate of his late brother, Luigi Masciari (“Luigi”), brought a legal malpractice action against the defendant, Attorney Abbott Fenichei (“Attorney Fenichei”).[2] In his complaint, Vincent alleges that Attorney Fenichei was negligent in his representation of Luigi with regard to the preparation of an estate plan. Attorney Fenichei now moves to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, the motion is DENIED.
FACTUAL BACKGROUND
The facts as alleged in the complaint are as follows. Sometime in the 1960s, Vincent and Luigi were deeded title to the two-family house in Belmont where the two brothers had been raised (“the Belmont house”). After his marriage, Vincent lived on the second floor of the house, while Luigi continued to live with his mother on the first floor until he married Joan Rosemill (“Joan”) and moved out in 1989. On December 23, 2002, Vincent and Luigi re-conveyed the Belmont house to themselves as tenants in common.
In 2002, Luigi executed his last will and testament (“the 2002 will”). The 2002 will left all his property to Joan with the exception of his share in the Belmont house, which he left to Vincent. The 2002 will also appointed Vincent as his executor and personal representative.
In the summer of 2010, Luigi was diagnosed with brain cancer. After the diagnosis, he rarely left his home and spent most of his time in bed. In September of that year, Joan contacted Attorney Fenichei for the purpose of preparing, Luigi’s will. She informed him, both orally and in writing, of the existence of the 2002 will, although she was not aware of its contents. She also disclaimed any interest in the Belmont house. Joan provided Attorney Fenichei with directives with regard to Luigi’s new will.
*591 On October 4, 2010, Attorney Fenichel met with Joan to discuss the will. Luigi was not present at the meeting and did not provide Attorney Fenichel with any information with regard to his will. Following that meeting, Attorney Fenichel prepared the will in final form, and made arrangements with Joan for Luigi to execute the will at the couple’s home.
On October 20, 2010, Attorney Fenichel went to Joan and Luigi’s house to have Luigi sign the will. This was the first occasion on which Attorney Fenichel met with or spoke to Luigi concerning the will. Neither prior to nor during the execution of the will did Attorney Fenichel speak with Luigi in private. Two of Joan’s friends witnessed the execution of the will.
Approximately ten days prior to the October 20, 2010 signing of the will, Luigi had undergone brain surgery. Both prior and post surgery, Luigi was confused, disoriented, and depressed. The surgery had also caused short-term memory loss. According to the complaint, “[i]t was obvious to anyone meeting him that on October 20, 2010, [Luigi] lacked sufficient capacity to understand the contents of any will he was signing.” The complaint further states that “[w]hile Fenichel was explaining the contents of the will to [Luigi], it was readily observable that [he] was not paying any attention to Fenichel, and one point [Luigi] stated that he wanted to go back to bed.”
The October 20, 2010 will (“the 2010 will”) left the Belmont house to Joan. The 2010 will also made David Rosemill (“David”), Joanne’s son from a prior marriage, the successor legatee of all of Luigi’s property despite the fact that Luigi and David had a “tempestuous” relationship and Luigi’s desire to keep the Belmont House in the Masciari family.
Luigi died on May 2, 2011. The execution of the 2010 will resulted in a will contest-in the Probate Court. The estate incurred a $44,000 payment to Joan to settle and discharge her claim to the Belmont house.
DISCUSSION
A. Legal Standard
To survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Iannacchino, 451 Mass. at 623, quoting Bell Atl. Corp., 550 U.S. at 555. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief. . .” Id., quoting Bell Atl. Corp., 550 U.S. at 557.
B. Attorney Fenichel’s Duty of Care
Vincent brings this claim on behalf of Luigi’s estate, alleging that the defendant committed malpractice by the following acts or omissions.
(1) failing to secure and review Luigi’s prior will to determine whether his intentions as to the Belmont Property in the 2010 will reflected an unnatural disposition;
(2) failing to communicate independently with Luigi at any time prior to his execution of the 2010 will;
(3) allowing the terms of the 2010 will to be dictated to him by Joan;
(4) failing to determine whether Luigi had sufficient mental capacity to understand the contents of the 2010 will or the consequences of its execution;
(5) failing to secure the presence of disinterested witnesses to the execution of the 2010 will;
(6) disregarding signs that Luigi did not have sufficient mental capacity to understand the contents of the will; and
(7) failing to ask Joan, David and the witnesses to leave the room so that he could ascertain whether Luigi was signing the will free of undue influence.
Attorney Fenichel moves to dismiss the complaint for lack of an actionable claim for legal malpractice. Specifically, he argues that his only duty is to Luigi, his client, and that he owed no duly of care to Luigi’s estate, heirs or beneficiaries.
It is well-settled that “[a]n attorney owes to a client, or a potential client, for whom the drafting of a will is contemplated, a duty to be reasonably alert to indications that the client is incompetent or is subject to undue influence and, where indicated, to make reasonable inquiry and a reasonable determination in that regard.” Logotheti v. Gordon, 414 Mass. 308, 311 (1993). “An attorney should not prepare or process the will unless the attorney reasonably believes the testator is competent and free from undue influence.” Id. “In making the required determination, the attorney must have undivided loyalty to the client.” Id. at 311-12. “In preparing an estate plan and distributing property, either through a will or through inter vivos trusts, attorneys can have only one client to whom they owe a duty of undivided loyally.” Symmons v. O’Keeffe, 419 Mass. 288, 300 (1995).
In support of his position that he owes no duly of care to Vincent, the defendant relies on cases holding that an estate planning attorney owes no duty to heirs or beneficiaries of an estate. See Miller v. Mooney, 431 Mass. 57, 63-64 (2000); Logotheti, 414 Mass. at 312. Relying on Sierra Rivera v. Mackoul, 81 Mass.App.Ct. 1112 (2012) (unpublished decision-pursuant to Rule 1:28), the defendant further argues that the fact that Vincent is suing in his capacity as the executor of Luigi’s estate and alleges a loss to the estate is “immaterial,” as “[t]he complaint rests on the presumption *592 that a duty was owed to someone other than the testator.” This court disagrees.
Our courts are reluctant to extend an attorney’s duty of care to the decedent’s heirs and beneficiaries. See Miller, 431 Mass. at 63-64; Logotheti, 414 Mass. at 311-12. However, Massachusetts courts have allowed an administrator of an estate to file an action for legal malpractice against an attorney who had prepared the will of the deceased. See Girardi v. Gabriel, 38 Mass.App.Ct. 553 (1995) (addressing issue of damages in action against attorney who was negligent with respect to execution of decedent’s will). Numerous other jurisdictions have also granted standing to personal representatives of the decedent’s estate to bring claims in negligence against an estate planning attorney. See, e.g., Estate of Schneider v. Finmann, 933 N.E.2d 718, 720-21 (N.Y. 2010) (‘The personal representative of the estate should not be prevented from raising a negligent estate planning claim against the attorney who caused harm to the estate”); Belt v. Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780, 786 (Tex. 2006) (“[B]ecause the estate ‘stands in the shoes’ of a decedent, it is in privity with the decedent’s estate-planning attorney and, therefore, the estate’s personal representative has the capacity to maintain the malpractice claim on the estate’s behalf’); Watkins Trust v. Lacosta, 92 P.3d 620, 625 (Mont. 2004) (same); Nevin v. Union Trust Co., 726 A.2d 694, 701 (Me. 1999) (same); Espinosa v. Sparber, Shevin, Shapo, Rosen and Heilbronner, 612 So.2d 1378, 1380 (Fla. 1993) (same).
As explained by the Texas Supreme Court in Belt, while allowing legal malpractice actions by beneficiaries raises a concern “that an attorney’s ability to represent a client zealously would be compromised if the attorney knew that, after the client’s death, he could be second-guessed by the client’s disappointed heirs,” this concern is not present when the estate’s personal representative seeks damages for injuries sustained by the estate itself because “a decedent’s interests should mirror those of his estate.” 192 S.W.3d at 787. The Belt court went on to recognize that “precluding both beneficiaries and personal representatives from bringing suit for estate-planning malpractice would essentially immunize estate-planning attorneys from liability for breaching their duty to their clients.” Id. at 789. Adopting the above reasoning, this court finds that Vincent, as the estate’s representative, has standing to bring a malpractice action against Attorney Fenichel.
Further, this court is not persuaded that the Mackoul decision is applicable to the facts of this case. In that case, the plaintiffs, as executors and heirs to the decedent’s estate, challenged a will prepared by the defendant attorney and sought to recoup attorneys fees that they incurred as the result of the dispute. The Appeals Court affirmed the trial court’s order allowing the defendant’s motion to dismiss the complaint under the principles set out in Logotheti As the plaintiff correctly points out in his memorandum of opposition to the motion to dismiss, both the trial court and the Appeals Court approached the case as if it was brought by heirs to the estate, rather than by the administrator of the estate. See Mackoul, 81 Mass.App.Ct. at 1112.
Here, Vincent, in his capacity as the estate’s administrator, is suing Attorney Fenichel for damages sustained by the estate as a result of the estate’s settlement with Joan. Accordingly, the defendant’s motion must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion to Dismiss is hereby DENIED.

 Vincent was appointed executor by stipulation filed with the Norfolk Probate and Family Court on May 4, 2012.