HOWARD SPINNER & others[1] vs. ROBERT L. NUTT
& others.[2]

Suffolk. January 3, 1994. - April 14, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Motion to dismiss. *Negligence*, Standard of care, Attorney at law. *Attorney at Law*, Negligence, Attorney-client relationship. *Trust*, Beneficiary, Interest of beneficiary. *Contract*, Third-party beneficiary. *Fiduciary*.

In a civil claim brought by certain beneficiaries of a trust against the attorneys for the trustees alleging that the attorneys were negligent, this court declined to rule that a trustee's attorney owed a duty not only to the trustee but also to the trust beneficiaries, where conflicting loyalties could impermissibly interfere with the attorney's task of advising the trustee: the claim was properly dismissed. [552-555]

In an action brought by certain beneficiaries of a trust claiming they were intended beneficiaries of the contracts between the trust's trustees and the trustees' attorneys (defendants), the claim was properly dismissed where the plaintiffs did not allege or show that they were any more than incidental beneficiaries of those contracts. [555-556]

A mere allegation in a civil claim, that the trustees of a trust breached their fiduciary duties to the beneficiaries of the trust under the legal advice of their attorneys (defendants), was insufficient to state a claim that the attorneys actively participated in any breach of the trustees' fiduciary duties so as to make them responsible to the beneficiaries: the claim was properly dismissed. [556-557]

General Laws c. 230, § 5, did not authorize certain beneficiaries of a trust to bring an action on behalf of the trust against the trustees' attorneys where the attorneys owed a duty to only the trustees. [557]

[1]Alicia Spinner, Elsie Spinner Brown, and Ellen Spinner.

[2]Robert Guiod, John M. Harrington, Jr., Nicholas Grace, David M. Donaldson, Paul J. O'Donnell, Michael R. Pontrelli, James H. Barnett, Alvin M. Glazerman, Philip D. O'Neill, Jr., John A. Houlihan, Susan Stanton Rotman, Jeffrey Etherington, Third, Vicki Caldwell, and Albert R. Pitcoff.

CIVIL ACTION commenced in the Superior Court Department on August 24, 1992.

The case was heard by *Margot Botsford, J.*, on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*Robert O. Berger* for Howard Spinner.

*Stephen Hrones* for Alicia Spinner & others.

*Richard W. Renehan* for Robert L. Nutt & others.

*Harold Hestnes* (*B.J. Krintzman* with him) for James H. Barnett & others.

LYNCH, J. This is an appeal from a judgment dismissing the plaintiffs' first amended complaint for failure to state a claim on which relief can be granted pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). We granted the plaintiffs' application for direct appellate review and now affirm.

We review the allegations as set forth in the complaint mindful that, " '[i]n testing the correctness of a judgment dismissing a complaint for failure to state a claim on which relief can be granted, we accept as true all of the allegations of the complaint and all reasonable inferences which may be drawn from the complaint and which are favorable to the party whose claims have been dismissed. *Jones* v. *Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 388 (1975). Further, a motion to dismiss a complaint on such grounds should not be allowed unless it appears certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of his claim. *Romano* v. *Sacknoff*, 4 Mass. App. Ct. 862 (1976).' *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 191 (1982)." *Logotheti* v. *Gordon*, 414 Mass. 308, 310-311 (1993).

The plaintiffs are four of sixty-eight income and remainder beneficiaries of a testamentary trust established under the will of Robin Damon (Damon trust). The trust has two trustees, Damon Lyons and Cyrus J. Newbegin, who are also in-

come beneficiaries of the trust. The defendants are the attorneys for one or the other of the individual trustees.[3]

Over ninety per cent of the value of the Damon trust estate is comprised of stock in the Salem News Publishing Company (company). In 1987 and 1988, the trustees received written offers to purchase all the stock of the company for approximately $42,000,000. Apparently, trustee Newbegin did not want to accept the offer while trustee Lyons did. The two could not come to an agreement with respect to the offer and since then, the company's value has been substantially reduced.

The primary assertion in the complaint is based on the contention that the trustees' attorneys owe the plaintiffs, as beneficiaries of the trust, a duty of care. The defendants claim that they owe a duty only to their clients, the trustees, and owe no duty to the beneficiaries. The plaintiffs' negligence claims are said to arise because they foreseeably relied on the attorneys because:

"1) they live out of state;

"2) their families had relied on legal counsel since the 1920's to advise the trustees on the myriad legal issues that arose over a trust responsible for a newspaper and many beneficiaries;

"3) they expected and received income from the trust, based in part on the assistance of legal counsel; and

---

[3]The defendants Nutt, Guiod, Harrington, Donaldson, Grace, and O'Donnell are attorneys and partners of the law firm, Ropes & Gray, who represented trustee Damon Lyons. The defendant Pontrelli is an associate at Ropes & Gray and also represented Lyons.

The defendants Barnett, Glazerman, O'Neill, and Houlihan are partners of the law firm Edwards & Angell, who represented trustee Cyrus Newbegin. The defendant Rotman is an associate at Edwards & Angell and the defendants Etherington and Caldwell were associates at Edwards & Angell at the time of the relevant events. The defendant Pitcoff is an attorney with his principal place of business in Salem, who also represented Newbegin in his capacity as trustee.

"4) beneficiaries are permitted by law to put complete faith and trust in their trustees and advisors."

The plaintiffs claim a breach of contract asserting that they were the intended beneficiaries of the contracts between the lawyers and the individual trustees. The plaintiffs further allege that the defendants are liable for aiding and abetting the trustees' breach of fiduciary duties. Finally, the plaintiffs allege that, pursuant to G. L. c. 230, § 5 (1992 ed.), and "established trust practice," they have the right to assert the claims that are the subject matter of their complaint on behalf of the trust since the trustees have refused to do so.

*Negligence.* In order to sustain a claim of negligence, the plaintiffs must show that the defendants owed them a duty of care. Such a duty would arise from an attorney-client relationship. 1 R. Mallen & J. Smith, Legal Malpractice § 8.1 (3d ed. 1989). It is undisputed that the plaintiffs and the defendants in this case had no direct attorney-client relationship. The plaintiffs claim that, even absent such a relationship, the defendants owed them a duty because it was foreseeable that the plaintiffs would rely on the defendants' advice to protect their interests.

We have observed that an attorney is not "absolutely insulated from liability to nonclients." *Page* v. *Frazier*, 388 Mass. 55, 65 (1983). "[A]n attorney owes a duty to nonclients who the attorney knows will rely on the services rendered." *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989). We have cautioned, however, that, " 'where an attorney is also under an independent and potentially conflicting duty to a client,' we are less likely to impose a duty to nonclients." *Id.*, quoting *Page* v. *Frazier*, *supra* at 63. See *Logotheti* v. *Gordon*, 414 Mass. 308, 312 (1993) ("we shall not" impose conflicting duties on attorneys).

"A trustee must exercise good faith and act solely in the interests of the beneficiaries in administering the trust [and] must lay aside self-interest . . . . There can be no divided loyalty." *Boston Safe Deposit & Trust Co.* v. *Lewis*, 317

Mass. 137, 140 (1944). In the course of administering a trust, a trustee may be required to make difficult decisions with regard to his or her duties to the beneficiaries. A trustee's attorney guides the trustee in this decision-making process. That the interests of the trustee and the interests of the beneficiaries may at times conflict cannot seriously be disputed. G. L. c. 203, § 4B (*c*) (1992 ed.). Should we decide that a trustee's attorney owes a duty not only to the trustee but also to the trust beneficiaries, conflicting loyalties could impermissibly interfere with the attorney's task of advising the trustee. This we refuse to do. We find the contrary authority unpersuasive,[4] and note that a number of jurisdictions and one legal commentator are in accord with the result we reach today.[5]

The plaintiffs argue that the interests of the trustees and the interests of the beneficiaries in the circumstances pre-

---

[4]See, e.g., *Morales* v. *Field, DeGoff, Huppert & MacGowan*, 99 Cal. App. 3d 307, 316 (1979) (trustee's attorney in reality assumes relationship with beneficiary akin to that between trustee and beneficiary); *Charleson* v. *Hardesty*, 108 Nev. 878, 882-883 (1992) (trustee's attorney assumes duty of care and fiduciary duties to beneficiaries as matter of law).

[5]See *Firestone* v. *Galbreath*, 747 F. Supp. 1556, 1571 (S.D. Ohio 1990), aff'd, 976 F.2d 279 (6th Cir. 1992), *S.C.*, 67 Ohio St. 3d 87 (1993), quoting *Simon* v. *Zipperstein*, 32 Ohio St. 3d 74 (1987) ("It is by now well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice"); *Saks* v. *Damon Raike & Co.*, 7 Cal. App. 4th 419, 431 (1992) (pursuant to California probate law beneficiaries' cause of action is against trustee only; no standing for action against trustee's attorney); *Matter of Estate of Brooks*, 42 Colo. App. 333, 336-337 (1979) (trustee's attorney owes no duty to beneficiary unless involved in active fraud); *Thompson* v. *Vinson & Elkins*, 859 S.W.2d 617, 621-622, 624 (Tex. Ct. App. 1993) (no fiduciary relationship exists between the beneficiary of trust and trustee's attorney); 2 R. Mallen & J. Smith, Legal Malpractice § 26.4 (3d ed. 1989 & Supp. 1993). Cf. *Goldberg* v. *Frye*, 217 Cal. App. 3d 1258, 1269 (1990) ("particularly in the case of services rendered for the fiduciary of a decedent's estate, we would apprehend great danger in finding stray duties in favor of beneficiaries"); *Neal* v. *Baker*, 194 Ill. App. 3d 485, 487 (1990) (primary purpose of attorney-client relationship was to assist executor in the proper administration of its duties; no duty to beneficiaries).

sented here do not differ, and thus, conflicting duties are not a concern. We disagree. Our decisions make clear that it is the potential for conflict that prevents the imposition of a duty on the defendants to the trust beneficiaries. See *DaRoza* v. *Arter*, 416 Mass. 377, 383-384 (1993); *Robertson* v. *Gaston Snow & Ely Bartlett*, *supra* at 524; *Page* v. *Frazier*, *supra* at 63. See also S.J.C. Rule 3:07, Canon 5, DR 5-105, as appearing in 382 Mass. 781 (1981) (attorney prohibited from accepting employment if likely to involve representing differing interests). Therefore, an isolated instance of identity of interests between the trustees and the beneficiaries would not support the imposition of a duty on the defendants to the plaintiffs.

Moreover, the disciplinary rules which govern attorney conduct in Massachusetts require in the circumstances of this case that an attorney preserve the secrets and confidences gained in the course of representing a client. S.J.C. Rule 3:07, Canon 4, DR 4-101, as appearing in 382 Mass. 778 (1981). To impose a duty on a trustee's attorney to beneficiaries could create situations antithetical to this disciplinary rule.

The plaintiffs claim that this case is analogous to the myriad of cases where courts in various jurisdictions have held attorneys liable to intended beneficiaries when will or trust drafting errors thwarted the intent of the decedent client. However, "[i]n those cases, there is no conflict between the duty the attorney owes to his or her client and the duty the attorney owes to intended beneficiaries. The beneficiaries, like the testator, want the will allowed." *Logotheti* v. *Gordon*, *supra* at 311. Here, not only did the two trustees disagree on the sale of the newspaper, but the plaintiffs are only four of sixty-eight beneficiaries of the trust. It is entirely likely that the class of beneficiaries also would have disagreed among themselves. Thus, there is no similarity to cases where the beneficiaries are seeking to enforce the desires of the client. We note, also, that policy considerations present in the negligent will-drafting cases where, if beneficiaries had no standing, an attorney's negligence would be

sheltered from suit are nonexistent in this situation. Here, the beneficiaries may bring an action against the trustees and the trustees, in turn, may bring an action against the attorneys if appropriate. Indeed, the judge took judicial notice of a legal action pending against the trustees in this matter.

*Third-party beneficiary theory.* The plaintiffs claim that they were intended third-party beneficiaries of the contracts between the defendants and the trustees.[6] We have recognized that, "when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement." *Rae* v. *Air-Speed, Inc.*, 386 Mass. 187, 195 (1982), quoting *Brewer* v. *Dyer*, 7 Cush. 337, 340 (1851). In order to recover as a third-party beneficiary, the plaintiffs must show that they were intended beneficiaries of the contract between the defendant and the trustees. *Rae* v. *Air-Speed, Inc., supra.* A party is an intended beneficiary where "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Id.* at 194, quoting Restatement (Second) of Contracts § 302 (1) (b) (1981).

The plaintiffs have not alleged that the parties manifested an intent to confer the benefit of legal counsel on the plaintiffs and such an intention would be contrary to what would be ordinarily expected of trustees seeking legal counsel. The plaintiffs cannot rely merely on their status as trust beneficiaries to show that they were intended beneficiaries of the contracts between the defendants and the trustees. "The fact that third parties are thus benefited, or damaged, by the attorney's performance does not give rise to a duty by the attorney to such third parties, and hence cannot be the basis

---

[6]The authority cited by the plaintiffs is of no avail. In those cases, courts found beneficiaries to be intended third-party beneficiaries of contracts between attorneys who drafted will or trust documents and the testators or donors. The plaintiffs cite to no authority where beneficiaries of a trust were found to be third-party beneficiaries of a contract between the trust's trustee and the trustee's attorney.

for a cause of action by the third parties for the attorney's negligence. In these cases the third parties are incidental beneficiaries, and '[a]n incidental benefit does not suffice to impose a duty upon the attorney.' " *Goldberg* v. *Frye*, 217 Cal. App. 3d 1258, 1268-1269 (1990), quoting 1 R. Mallen & J. Smith, Legal Malpractice § 7.11, at 385 (3d ed. 1989). See *Saks* v. *Damon Raike & Co.*, 7 Cal. App. 4th 419, 430-431 (1992) (beneficiaries of trust cannot bring third-party beneficiary cause of action against trustee's attorney); *Neal* v. *Baker*, 194 Ill. App. 3d 485, 487-488 (1990) (beneficiary of testamentary trust not third-party beneficiary absent clear indication that representation of executor's attorney was intended directly to confer benefit on her); *Copenhaver* v. *Rogers*, 238 Va. 361, 367 (1989) ("essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his portion of the bargain"); *Krawczyk* v. *Bank of Sun Prairie*, 174 Wis. 2d 1, 7-8 (Ct. App. 1993) (beneficiary must show that parties entered into contract directly and primarily for beneficiary's benefit).

*Aiding and abetting.* The plaintiffs assert that the trustees breached their fiduciary duties to the beneficiaries, and because the defendants knew of the breach and failed firmly to advise the trustees as to how best to protect the trust's assets, the defendants aided and abetted the trustees' breach. This argument also must fail. Although liability arises when a person participates in a fiduciary's breach of duty, *Augat, Inc.* v. *Aegis, Inc.*, 409 Mass. 165, 172 (1991), the plaintiff must show that the defendant knew of the breach and actively participated in it such that he or she could not reasonably be held to have acted in good faith. *Banks* v. *Everett Nat'l Bank*, 305 Mass. 178, 182 (1940). An allegation that the trustees acted under the legal advice of the defendants, without more, is insufficient to give rise to a claim that an attorney is responsible to third persons for the fraudulent acts of his clients. *Andrews* v. *Tuttle-Smith Co.*, 191 Mass. 461, 468 (1906). The plaintiffs have failed to set forth sufficient allegations to support the claim that the defendants ac-

tively participated in a breach of the trustees' fiduciary duties.

*G. L. c. 230, § 5.* The plaintiffs claim that G. L. c. 230, § 5,[7] confers on them the right to bring this action on behalf of and for the benefit of the trust. However, for the same reasons that the defendants are not liable to the beneficiaries, they are not liable to the trust. The defendants owed a duty only to the trustees. The trustees alone can pursue an action against them. It bears repeating that this result does not leave the beneficiaries without recourse; they can pursue an action directly against the trustees if they can show a breach of their fiduciary duties.

*Judgment affirmed.*

---

[7]General Laws c. 230, § 5 (1992 ed.), provides in pertinent part: "[A]n heir, legatee or creditor having an interest in the enforcement of [a claim in favor of the estate] may bring a civil action to enforce it for the benefit of the estate in like circumstances and in like manner as a person beneficially interested in a trust fund may bring an action to enforce a claim in favor of such fund."