BEVERLY C. McCARTHY & another[1] *vs.* NANCY J. LANDRY,
administratrix, & another.[2]

No. 95-P-1713.

Barnstable. December 12, 1996. - April 16, 1997.

Present: BROWN, KAPLAN, & GILLERMAN, JJ.

*Attorney at Law,* Attorney-client relationship, Malpractice, Negligence.
*Negligence,* Attorney at law. *Devise and Legacy,* Real property.

Plaintiffs' claims in a civil action alleging an attorney's negligence in prepar-
ing and executing certain estate-related documents were incorrectly
dismissed pursuant to Mass.R.Civ.P. 12(b)(6), where, even if the
plaintiffs had not established that an attorney-client relationship existed,
the record presented supported the claim that the attorney owed a duty
to the plaintiffs, who were heirs to the estate. [490-491]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 27, 1995.

The case was heard by *Richard F. Connon,* J., on a motion
to dismiss.

*Roger S. Davis* for the plaintiffs.

*Cynthia C. Smith* for the defendant.

BROWN, J. The plaintiffs, heirs of the estate of Earle N.
Hunter, originally brought this action for damages against
Nancy J. Landry, administratrix of the estate. In addition,
the plaintiffs sought damages from an attorney engaged by
Landry, Blaise P. Berthiaume, alleging, among other things,
that he was negligent in executing certain estate-related docu-
ments. The counts against Landry were subsequently
dismissed by agreement of the parties. Thereafter, a Superior
Court judge dismissed the entire complaint, pursuant to Mass.
R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), concluding that, as

---

[1]Carol A. Conrad.

[2]Blaise P. Berthiaume. The amended complaint names Mr. Berthiaume
as the sole defendant.

attorney for the administratrix, Mr. Berthiaume owed no duty to the plaintiffs. For the reasons discussed herein, we conclude that the rule 12(b)(6) motion was incorrectly allowed and accordingly vacate the ensuing judgment. We also conclude that no reason now appears why the plaintiffs' motion to amend their complaint should not be allowed. See Mass. R.Civ.P 15(a), 365 Mass. 761 (1974).

The amended complaint sets forth the following facts. The decedent, Hunter, died intestate (in 1986) leaving 123 acres of land in Oxford.[3] By operation of the laws of intestate succession, the plaintiffs and their five siblings share a one-half interest in Hunter's estate, and hence held a one-half interest in the 123 acres as tenants in common. The remaining one-half interest in the Oxford land was held by Landry. In a letter dated August 4, 1989, Attorney Berthiaume informed the plaintiffs that he and Landry were attempting to sell the Oxford property and that the plaintiffs would receive their respective shares of the proceeds. Enclosed with the letter was a copy of a purchase and sale agreement, prepared by Mr. Berthiaume. In the letter he requested that the plaintiffs sign the agreement, further indicating that he would be forwarding a deed for their signatures.

On or about September 26, 1989, the property was sold for $700,000. Mr. Berthiaume had prepared the deed for this conveyance. Landry and the plaintiffs and their siblings were listed on the deed as grantors. Of the $700,000 selling price, $200,000 was paid in cash; the remaining balance was evidenced by a note and mortgage, both of which were prepared by Mr. Berthiaume. The mortgage lists only Landry as the mortgagee of record, and both the $200,000 cash payment and the interest on the mortgage were paid directly to Landry. The plaintiffs did not agree to these payments, nor did they consent to Landry being named as the sole mortgagee.

The plaintiffs' action in the Superior Court against Mr. Berthiaume (by way of the amended complaint) alleges malpractice and negligence, breach of fiduciary duty, and a violation of G. L. c. 93A. The claims stem from Attorney Berthiaume's involvement in the sale of the Oxford real estate and distribution of the proceeds. Although the plaintiffs concede that, since the filing of the complaint, they have received their

---

[3]The other estate assets are not at issue in this appeal.

rightful share of the real estate proceeds, they maintain that they have incurred substantial legal fees and expenses as a result of Mr. Berthiaume's alleged negligence.

The plaintiffs argue that the motion judge erred in dismissing the complaint because (1) it sufficiently alleged that an attorney-client relationship existed between them and Mr. Berthiaume and (2) even if no attorney-client relationship existed, Mr. Berthiaume nevertheless owed a duty to them because it was reasonably foreseeable that they would rely on his August 4, 1989, letter. Compare *Page* v. *Frazier*, 388 Mass. 55, 63-64 (1983). Applying the familiar test set out in *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), it does not "appear[] beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." The plaintiffs' complaint can be read to provide support for the claims they press, particularly the second of the two.

It is generally recognized that "an attorney owes a duty to nonclients who the attorney knows will rely on the services rendered." *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989). However, "the court will not impose a duty of reasonable care on an attorney if such an independent duty would potentially conflict with the duty the attorney owes to his or her client." *Lamare* v. *Basbanes*, 418 Mass. 274, 276 (1994). See *Page* v. *Frazier*, 388 Mass. at 66.

The motion judge was of opinion that the circumstances of this case are controlled by *Spinner* v. *Nutt*, 417 Mass. 549 (1994).[4] In *Spinner*, the court held that a trustee's attorney owed no duty to the beneficiaries of a trust. In so ruling, the court reasoned that to require such a duty "could impermissibly interfere with the attorney's task of advising the trustee." *Id.* at 553. The judge and Mr. Berthiaume read *Spinner* to stand for the proposition that an attorney hired by an administrator owes no duty to the beneficiaries of an estate. We do not read the case so broadly.

The question presented by this complaint is on whose behalf was Attorney Berthiaume acting when he prepared the real estate closing documents? In other words, who is the client — the heirs or the administratrix of the estate? Under Mas-

---

[4]The case has been argued here on that footing.

sachusetts law, real property passes directly to the heirs upon the decedent's death. *Shrewsbury* v. *Murphy,* 333 Mass. 290, 292 (1955). See Newhall, Settlement of Estates § 9.10 (Belknap rev. 5th ed. 1994). Therefore, unless given special authority, an administrator "is legally a stranger to real property." *Howe* v. *Johnston,* 39 Mass. App. Ct. 651, 653 (1996). There is no indication in the record that Landry was authorized by the court to sell the real estate to pay off estate debts. Since Landry, as administratrix, was not officially charged with selling the real estate, we perceive no conflict that would insulate Attorney Berthiaume from liability. Contrast *Spinner* v. *Nutt,* 417 Mass. at 553. Further, because the heirs' interest in the real estate was not tied merely to their status as beneficiaries of the estate (i.e., assets that were subject to administration by the administratrix), they could be seen as intended beneficiaries of the contract with Mr. Berthiaume. Contrast *id.* at 555 ("The plaintiffs cannot rely merely on their status as trust beneficiaries to show that they were intended beneficiaries of the contracts between the [attorneys] and the trustees").

From this, it follows that the plaintiffs' allegations in the complaint are sufficient, for purposes of rule 12(b)(6), to allege the existence of at least a duty akin to that in an attorney-client relationship.[5] Moreover, since the plaintiff's complaint sets forth facts sufficient to allege such a duty, we further conclude that their G. L. c. 93A claim also was improperly dismissed and may be reexamined on remand.

The judgment is vacated, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*

---

[5]The existence of an actual attorney-client relationship does not appear to be shown on this record. See *Fanaras Enterprises, Inc.* v. *Doane,* 423 Mass. 121, 124-125 (1996). See also *DeVaux* v. *American Home Assur. Co.,* 387 Mass. 814, 816-817 (1983); *DaRoza* v. *Arter,* 416 Mass. 377, 381-382 (1993); *Williams* v. *Ely,* 423 Mass. 467, 475-476 (1996).