Sikora, J.
INTRODUCTION
This action presents another question of the duty and liability of an attorney to a nonclient. The plaintiffs bring claims of malpractice against Robert E. Mooney (“Mooney”), an attorney who advised and represented the plaintiffs’ deceased mother, Estelle Coggins (“Estelle”). The plaintiffs allege negligence (Count I), legal malpractice (Count II), breach of contract (Count III) and violation of G.L.c. 93A (Count IV).
Defendant Mooney moves pursuant to Mass.R.Civ.P. 56 for summary judgment. The plaintiffs have filed a cross-motion for summaxy judgment. For the reasons to follow, I ALLOW defendant’s motion for summary judgment on all counts, and accordingly DENY in full plaintiffs’ motion for summary judgment.
UNDISPUTED FACTS
From the pleadings, affidavits, depositions, and verified exhibits, the following core of undisputed material facts emerges.
On March 31, 1981, Estelle executed a will (“the 1981 Will”) prepared by the defendant, Mooney, who practices law on Nantucket. The 1981 Will left a $3,000 bequest to the Unitarian Universalist Church on Nantucket (the “Church”) where Estelle’s parents had both been ministers; $2,000 to the Massachusetts Society for the Prevention of Cruelty to Children (“MSPCC”); and the remainder of her estate, which included a home at 3 Prospect Street on Nantucket, equally divided among her four children, John Coggins (“John”), Carol Powell, Laurel Oleynick and Harriet Miller (the “plaintiffs” or “children”).
After the execution of the 1981 Will, John informed Estelle that the children had previously discussed the home on Nantucket and had concluded that they would not be able to maintain the property after she died. In response, Estelle told John that she did not want to leave her home to her children to be sold, and that instead she would consider leaving the home to the Church to be used as a parsonage or guest house. As a result of this conversation, on November 10, 1982, Estelle went to Mooney’s office to revise her will. Because Mooney was vacationing in Ireland, Mooney’s secretary, Elizabeth Metcalf, directed Estelle to Attorney Robert Campbell, who worked in association with Mooney’s law office.[1] Attorney Campbell prepared Estelle’s new will (the “1982 Will”). It devised all of Estelle’s real property, including her home on Nantucket, to the Church; she bequeathed $2,000 to the MSPCC; and she divided the remainder of her personal property equally among her children. Mooney did not become aware that Estelle’s 1981 Will had been revised while he was on vacation.
Almost nine years later, in July of 1991, Estelle moved to Our Island Home, a nursing home on Nantucket. In a letter dated October 9, 1991, John informed Mooney that Estelle wanted her home on Nantucket to be sold and the proceeds to be put into a life fund for her continued care at Our Island Home. John further requested that Estelle’s will be rewritten to specify that any and all remaining funds at the time of Estelle’s death be distributed in equal parts to her surviving children and the Church (Exhibit 1).
Mooney responded in a letter dated October 17, 1991. He informed John that he could not draft a new will without Estelle’s approval (Exhibit 2). In a subsequent letter dated December 1, 1991 Mooney informed John that he had met with Estelle on Thanksgiving Day and that Estelle wanted to leave her will as it was. Mooney also told John that the “present will leaves the bulk of the estate to you four children” (Exhibit 3). Mooney’s statement was inaccurate, however, since the revised 1982 Will left the bulk of the estate to the Church and not to the children.
Estelle died in January 1992 and the 1981 Will was offered for probate and allowed. Subsequently, on May 12, 1992, attorney Campbell died. At that time, Estelle’s 1982 Will was discovered and filed with Probate Court. Estelle’s estate was disposed of in accordance with the 1982 Will. Her home on Nantucket was sold, and net proceeds of $157,914.31 were paid to the Church.
DISCUSSION
Summary Judgment Standards
A trial court grants summary judgment were there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and the enitlement of the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). a party moving for summary judgment who does not bear the burden of proof at trial may *260 demonstrate the absence of a triable issue either by-submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A court will grant summary judgment to the party entitled to judgment as a matter of law if both parties have moved for summary judgment and “there is no real dispute concerning the salient facts" or if the case involves only a question of law. Cassesso v. Commissioner of Correction, supra.
1. Negligence or Legal Malpractice
In order to sustain a claim of legal malpractice based on negligence, the plaintiffs must establish that the defendant Mooney owed them a duty of care. DaRoza v. Arter, 416 mass. 377, 381 (1993). “Whether such a duty exists is a question of law.” Id. Although such a duty generally arises from an attorney-client relationship, Spinner v. Nutt, 417 Mass. 549, 552 (1994), an attorney is not “absolutely insulated from liability to nonclients.” Page v. Frazier, 388 Mass. 55, 65 (1983). It is generally recognized that “an attorney owes a duty to nonclients who the attorney knows will rely on the services rendered.” McCarthy v. Landry, 42 Mass.App.Ct. 488, 490 (1997); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989).[2] “Such a duty may arise, however, only if the attorney reasonably should have foreseen reliance on the part of the third party." DaRoza, 416 Mass. at 382. “The court will not impose a duty of reasonable care on an attorney if such an independent duty would potentially conflict with the duty the attorney owes to his or her client.” McCarthy, 42 Mass.App.Ct. at 490.
In this case, the plaintiffs allege that Mooney breached his duty of due care to the plaintiffs by misrepresenting the nature and effect of Estelle’s will. Despite these allegations, the plaintiffs cannot establish that Mooney owed them such a duty of care and therefore cannot sustain a negligence action.
Mooney clearly owed a duty of care to his client, Estelle, the testator of the 1981 and 1982 Wills. However, “[f]ear of liability to potential. . . beneficiaries would contravene the attorney’s primary responsibility to ensure that the proposed estate plan effectuates the client’s wishes.” Krawcyk v. Stingle, 543 A.2d 733, 736 (Conn. 1988). Estelle’s interest could have differed materially from the plaintiffs’ interests with respect to the disposition of Estelle’s estate. Therefore, it would certainly create a conflict to hold that Mooney also had a duty to his client’s beneficiaries, the plaintiff children.
“In preparing an estate plan and distributing property, either through a will or through inter vivos trusts, attorneys can have only one client to whom they owe duty of undivided loyalty.” Symmons v. O’Keefe, 419 Mass. 288, 300 (1995). In this case, Mooney owed that duty of undivided loyalty to his client, Estelle, and not to the nonclient children. Even if the court were to find that Mooney owed the plaintiffs some limited duty of care, that obligation would not include the requirement to disclose to potential beneficiaries the future disposition of his client’s property.
Courts in other jurisdictions have held that “an attorney owes to the intended beneficiaries ... a duty to exercise reasonable care and skill in the drafting of will provisions that are enforceable and in making sure that the will is properly executed and witnessed.”[3] Logotheti v. Gordon, 414 Mass. 308, 311 (1993). “In those cases, there is no conflict between the duty the attorney owes to his or her client and the duty the attorney owes to the intended beneficiaries.” Id. “The beneficiaries, like the testator, want the will allowed.” Id.
The present instance is significantly different from those cases. Here, there is no claim that Mooney did not demonstrate sufficient care and skill in drafting Estelle’s 1981 Will. Nor is there any evidence that the 1981 Will was not properly executed and witnessed. In fact, the 1981 Will drafted by Mooney was offered for probate and allowed. Therefore, Mooney did not breach any duty owed to the beneficiaries.
Mooney asserts that he was not aware that Estelle’s 1981 Will had been changed. He therefore concedes that his statement to John in 1991, that Estelle’s Will left the bulk of the estate to the children, was not accurate. The plaintiffs argue that Mooney should have known that Estelle’s Will had been changed by attorney Campbell. Whether Mooney should have known that Estelle had revised her estate plan is a question unnecessary to the resolution of the case. Even if I were to conclude that Mooney should have known that the 1981 Will had been revised so as to leave the bulk of the estate to the Church, Mooney nevertheless would have no duty to disclose this information to his client’s beneficiaries.
This conclusion rests not only in the general concept of exclusive representation, but in the practical reality of potential and then actual differences of interest between client and beneficiary. This case illustrates that reality. The purpose of the mother was to transfer her home to her children so long as they would maintain it. If the children would or could not use the home, she wished the Church to do so. By contrast, the purpose or interest of the beneficiary children was to maximize their inheritance from their mother. A single attorney could not properly serve these conflicting objectives. His duty runs to his client, not her beneficiaries. In short, a lawyer does not have a duty to disclose the latest provisions of a client’s will *261 to her children so as to give them the opportunity to talk her out of those provisions. In this case the rule of exclusive representation (or of the absence of a duly to a nonclient beneficiary) is serving its underlying purpose: the attorney’s loyal service to the wishes of the client.[4]
I conclude that the defendant Mooney owed no duly to the nonclient plaintiffs and therefore ALLOW his motion for summary judgment upon the children’s claims of negligence (Count One) and legal malpractice (Count Two).
2. Breach of Contract
The plaintiffs have not submitted any probative materials creating a genuine issue of material fact of the existence of a contract between Mooney and them; or of a contract between Estelle and Mooney rendering the children as third-party beneficiaries. He could not have formed any enforceable agreement to represent the interests of the children if those interests were at all at odds with the interests of their mother. Even if no divergence of interests seemed likely, the mere potentiality of conflict and of subsequent changes of mind by tire mother would militate against the enforceablitiy of any such agreement, written or oral. As recounted in the discussion of negligence and malpractice, the common law limits the lawyer’s duty to the beneficiaries to the careful execution of the client’s wishes in their behalf. Consequently, I ALLOW the defendant’s motion for summary judgment against the claim of breach of contract (Count Three).
3. Violation of G.L.c. 93A, §§2 and 9.
The children allege also that the acts or omissions of attorney Mooney constitute unfair or deceptive acts or practices in the conduct of “trade or commerce” in violation of G.L.c. 93A, §§2 and 11. Massachusetts decisions to date recognize two possible categories of 93A liability on the part of an attorney.
First, a claimant may charge a lawyer or law firm with unfair or deceptive acts or practices in the representation of that claimant. In this class of case, the plaintiff must allege and establish a lawyer-client relationship. Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 527, cert. denied 493 U.S. 894; Schaeffer v. Cohen, Rosenthal, Price, Mishkin, Jennings & Berg, P.C., 405 Mass. 506, 514 (1989). Here, the children have not proved the existence of a client relationship with attorney Mooney. Rather, Mooney has demonstrated the absence of a client relationship with the children.
Second, an attorney or law firm may incur a 93A liability to a nonclient or to an adversary of its client, if it joins its client in marketplace communications to the adversary rather than merely relays its client’s positions: and if those marketplace communications knowingly or carelessly turn out to be false, misleading, and harmful. Kirkland Construction Company v. James, 39 Mass.App.Ct. 559, 561-64 (1995) [reversing a 12(b)(6) dismissal of a 93A claim against a lawyer and firm]. In such situations the attorney has arguably crossed from traditional representation into active participation in trade and commerce. If the attorney or law firm confines itself to the functions of traditional representation such as the commencement of litigation against the adversary, First Enterprises, Ltd. v. Cooper, 425 Mass. 344, 347-48 (1997), or the counseling about and drafting of testamentary documents, Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 459-60, 463 (1997), it has not acted in a “business context” or injected itself into trade or commerce so as to trigger 93A exposure.
In the present case attorney Mooney did not enter a zone of “trade or commerce” or cross a boundary line into a “business context." The testamentary passage of family property from mother to children has not yet devolved into an arm’s length transaction in the open market. The attorney carried out, or attempted to cany out, his fiduciary duly to a sole client in a matter of familial, noncommercial character. Accordingly, I ALLOW the defendant’s motion for summary judgment against the plaintiffs claim of liability under G.L.c. 93A, §§2 and 11 (Count Four).
ORDER
For the foregoing reasons, the court orders the entry of summary judgment in favor of the defendant Robert E. Mooney upon all counts of the plaintiffs’ complaint: and the entry of denial of the plaintiffs’ cross motion for summary judgment.

 There is some dispute as to the exact relationship between Mooney and Campbell. However, Mooney authorized Campbell to counsel his clients while he was away from his office.

 The plaintiffs have not established any facts to support a finding that they reasonably relied to their detriment on any of Mooney’s statements.

 “Various jurisdictions have held attorneys liable to intended beneficiaries when will or trust drafting errors thwarted the-intent of the decedent client.” Spinner v. Nutt, 417 Mass. 549, 554 (1994).

 The children’s claim of legal malpractice or negligence would confront a further substantial hurdle of proximate causation if a duty of accurate disclosure existed between lawyer and beneficiary. The children would have to prove that upon receipt of accurate information they would have changed their mother’s mind so as to redirect the devise of the home from the Church to one or more of them.
As a matter of fact, as well as law, summary judgment appears appropriate upon the negligence and malpractice claims. The present circumstances resemble those of Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 461-62 (1997):
[On the part of the malpractice claimants] we have the mere assertion by the party with the burden of proof that the testator would have made some other disposition of the property (we know not what)'if he had been told by his lawyers that the home was his principal asset [footnote omitted]. In these circumstances the defendants have sufficiently demonstrated materials unmet by countervailing materials that the plaintiffs have no reasonable expec *262 tation of proving their case [citing Kourovacilis v. General Motors Corp., 410 Mass. 706, 716 (1991)].
In short, attorney Mooney’s mistaken representation of December 1, 1991, to John Coggins (to the effect that the 1981 Will was still in effect) was unfortunate; but it did not amount to the actionable breach of a recognized duty.