Botsford, J.
The motions to dismiss of the above-named defendants will be allowed with respect to any claim the plaintiffs raise under G.L.c. 93, §70, and will be otherwise denied.
Under Mass.R.Civ.P. 12(b)(6), a complaint, or a count of a complaint, is sufficient unless the moving party shows beyond doubt that there is no set of facts which the plaintiffs could prove in support of his claim that would entitle them to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 *675 U.S. 41, 45-46 (1957). All inferences are to be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
1.Motion to Dismiss of the defendants' Jack Barry Gould, Gould & Gould, and Guaranty Abstract Company of Eastern Massachusetts, Inc. [3]
The plaintiffs allege claims of negligence and breach of contract against the Gould defendants. With respect to the negligence claim, the complaint alleges that the Feigenbaum defendants certified title to the plaintiffs as well as the Stoneham Co-Operative Bank (the bank) (Complaint, ¶20), and indeed further alleges that there was a contract between the Feigenbaum defendants and the plaintiffs under which the Feigenbaum defendants were to provide legal representation, including title certification for the property at issue. (Complaint, ¶56.)[4] The complaint also alleges that the actual title certification work used by the Feigenbaum defendants in certifying title to the plaintiffs (and the bank) was performed by the Gould defendants in accordance with a contractual agreement between Feigenbaum and Gould. (Complaint, ¶¶ 16-20; 47.) The certification of title, attached to the complaint, specifically lists the plaintiffs as mortgagors and the bank as mortgagee, and further states that liability is limited to “theparties to whom the Certificate is issued” (emphasis supplied). The “parties" are not otherwise identified. There is nothing in the complaint or the certification to contradict the arguable inferences that the Gould defendants were aware that the plaintiffs were relying on the certification of title that Gould supplied, and that the plaintiffs’ reliance on that certification was reasonable. Compare Page v. Frazier, 388 Mass. 55, 64-66 (1983).
It may well be that the plaintiffs have no basis to assert an attorney-client relationship between Gould and themselves, but there are instances when an attorney will be liable to non-clients. That is, “an attorney owes a duty to non-clients who the attorney knows will rely on the services rendered.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989). It is true that liability on the part of an attorney to non-clients will not be imposed where the attorney owes an independent and conflicting duty to his or her direct client, see, e.g., Spinner v. Nutt, 417 Mass. 549, 553-54 (1994), and cases cited; Page v. Frazier, supra, 388 Mass. at 63-65. The complaint, however, does not establish that there is any conflict between the interests of the bank and the plaintiffs, and I cannot say, at this early stage, that the plaintiffs will be unable to prove their negligence claim.
The plaintiffs’ second theory is for breach of contract; they claim they are intended beneficiaries of the contract between Gould and the Feigenbaum defendants. Again, in light of the language of the certification of title and the allegations of the complaint, Gould has not shown that there is no set of facts under which the plaintiffs could succeed on their contract claim.
2.Motion to Dismiss of Richard A. Feigenbaum and Feigenbaum & Uddo.[5]
The reasons which require denial of the Gould defendants’ motion to dismiss apply with equal if not greater force to the Feigenbaum defendants’ motion. The complaint alleges that the Feigenbaum defendants undertook to and did certify title to the plaintiffs, and if this is so, claims of negligence and potentially breach of contract would lie regardless of whether there was a direct or implied attorney-client relationship between these parties.[6]
3.General Laws c. 93, §70.
The plaintiffs’ complaint mentions G.L.c. 93, §70, but it is not clear whether the plaintiffs seek to pursue any claim under this statute. No such claim will lie, as the complaint makes quite clear that the dwelling constructed by the plaintiffs on the property at issue was not “occupied or to be occupied in whole or in part by the mortgagor [i.e., the plaintiffs],” which is a requirement of the statute.
ORDER
For the foregoing reasons, the motions to dismiss of Jack Bariy Gould, Gould & Gould, and Guaranty Abstract Company of Eastern Massachusetts, Inc., and of Richard A. Feigenbaum and Feigenbaum & Uddo, P.C., are allowed with respect to any claim pursuant to G.L.c. 93, §70, and are otherwise denied.[7]

 These defendants are referred to hereafter as “the Gould defendants” or simply “Gould.”

 The plaintiffs’ opposition to the Feigenbaum defendants’ motion to dismiss certainly suggests, however, that the plaintiffs are not claiming an express, contractual attorney-client relationship between themselves and the Feigenbaum defendants.

 As indicated in the text above, these defendants are referred to in this memorandum as “the Feigenbaum defendants.”

 In any event, as indicated in the discussion of the Gould defendants, the complaint gives rise to a theory of negligence-based liability based on foreseeable and reasonable reliance on the plaintiffs’ part, as well as a breach of contract claim premised on a third-party beneficiary theory.

 The moving defendants are obviously entitled, following discovery, to move for summary judgment on the claims against them. It is simply too early to determine that the plaintiffs cannot prevail as a matter of law.