Fahey, J.

INTRODUCTION

The plaintiff, James P. Toyias (“Toyias”), brought suit against the defendant, Irving Marmer (“Marmer”), on July 12, 1999. The complaint is in two counts. Count I of the complaint, which sounds in negligence, alleges that Marmer was derelict in his duties with respect to his pursuit of a judgment that had entered in favor of a trust to which the plaintiff was a beneficiary. Count II of the complaint alleges that Marmer breached his contract with the Trust’s beneficiaries by failing to “diligently and timely pursue the legal actions necessary to effect the collection of the Judgment...” To date, the plaintiff has not succeeded in collecting on the judgment. The defendant has moved to dismiss both counts of the complaint pursuant Mass.R.Civ.P. 12(b)(6) and Mass.R.Civ.P. 12(b)(7), arguing both that the complaint fails to state a claim upon which relief may be granted and that the plaintiff has failed to join necessary parties in accordance with the requirements of Mass.R.Civ.P. 19. The parties came before the Court for a hearing on this motion on May 23, 2000. Marmer has supplied the Court with an affidavit and other Rule 56(c) materials. For this reason, the Court shall treat this as a motion for summary judgment. [1] After hearing and careful consideration of the written arguments of counsel, the Court concludes that the defendant’s motion to dismiss, now treated as a motion for summary judgment, will be ALLOWED.

*700
BACKGROUND

The facts of the case, viewed in the light most favorable to the nonmoving party and adduced in the summary judgment materials, are as follows. There are several players involved in this cause of action. The defendant, Irving Marmer, is an attorney with offices at 34 Emerson Place in Boston, Massachusetts. He is admitted to the practice of law in this Commonwealth. On June 25, 1982, Marmer entered into a contract to provide legal services to Lawrence J. Bums, Jr. (“Burns”), G. Robert Carvelli (“Carvelli”), Michael P. Ellis (“Ellis”) and James P. Toyias (“Toyias”), the plaintiff in this case. He had been retained to represent Toyias and the other beneficiaries of the Bel-High Realty Trust (the “trust”) in a lawsuit against Commercial Union Insurance Company (“Commercial Union”). Carvelli, Toyias and Metropolitan Processed Materials, Inc. were the beneficiaries of the trust. Ellis and Carvelli were the named trustees. The trust corpus consisted of a three-story commercial property in Somerville, Massachusetts.
In October 1980, the building owned by Bel-High Realty Trust was destroyed in a fire and ordered demolished by the City of Somerville. Commercial Union declined to reimburse the trust for the loss of the building on the grounds that the fire was the result of suspicious circumstances. Marmer filed suit against Commercial Union for breach of the insurance agreement. A settlement was reached with the insurance company.
The contractor retained to carry out the demolition was P.J. Maffei of Maffei Building and Wrecking Corporation (“Maffei”). For reasons not explained in the summary judgment materials, a lawsuit was brought against Maffei at the same time as the lawsuit against Commercial Union. The “Contract for Legal Services” drafted at the time the suit was brought against Commercial Union makes no reference to Marmer’s representation of the beneficiaries in any lawsuit against Maffei. Marmer obtained a default judgment against Maffei in favor of the trust. The judgment was in the amount of $129,588.76, on which execution issued in May 1994. Thereafter, Marmer informed Toyias and the other beneficiaries that he was attempting to satisfy the judgment. Marmer’s failure to facilitate the execution of this judgment has given rise to the case currently at bar.
After the settlement with Commercial Union, differences developed between Marmer’s clients as to the distribution of the settlement proceeds, and the share to which each was entitled. Marmer arranged to have the settlement fund paid to the clerk of the court and then represented each of the parties in his request to have the court determine the amounts to which each was entitled. Each of the parties assented in open court to this arrangement, notwithstanding their differences with each other. The issue as to how the settlement award would be apportioned was decided by the Court (Botsford, J.) on December 24, 1997.
Maffei’s corporation was dissolved in September of 1998. No one has been able to locate Maffei himself, the corporation’s principal, since April of 1999, thereby complicating Marmer’s efforts to satisfy the judgment. It is acknowledged by Marmer that, despite several requests from Toyias to Marmer to provide “the file documenting [Marmer’s] legal course of action against Maffei” and “a copy of the contingent fee arrangement covering the Maffei action and/or an itemized invoice for the work performed by [Marmer] in pursuit of the Judgment against Maffei,” Marmer has produced nothing.[2]

DISCUSSION

In the first count of his complaint, plaintiff attempts to articulate a claim for negligence. The plaintiff avers that Marmer is in breach of his duty of care to Toyias insofar as his lack of due diligence in pursuit of a judgment against Maffei has resulted in the judgment being uncollectible. In addition, plaintiff adumbrates in his brief a claim for breach of contract. The crux of his argument is that Marmer breached his contract with the trust’s beneficiaries, Toyias and others, by “failing to diligently and timely pursue the legal actions necessary to effect the collection of the Judgment against Maffei.” The contract relied on is the contingent fee agreement. For a variety of reasons, both of these claims must necessarily fail.
Summary judgment should only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, as a result, the moving party is entitled to judgment as a matter of law. See Pederson v. Time Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of genuine issues of material fact. Id. at 17. The court should not weigh evidence, assess credibility, or find facts. The court may only consider undisputed material facts and apply them to the law. See Kelley v. Rossi, 395 Mass. 659, 663 (1985).
I. Negligence Claim
The plaintiff opines that, in his role as a beneficiary of a trust that recovered an execution against Maffei, he has standing to bring suit to enforce the legal rights of the trust. The threshold inquiry that the Court must make in deciding this motion is the matter of whether the plaintiff has standing. In this Court’s judgment, the plaintiff in the instant action cannot possibly prevail because he does not have standing to bring this suit.
*701 It is a well-established principle of law in this jurisdiction that a trust has no authority to act, except in the name of its trustee. See Spinner v. Nutt, 417 Mass. 549, 553 (1994) (holding that a trustee’s attorney did not owe a duty to the trust beneficiaries where conflicting loyalties could impermissibly interfere with the attorney’s task of advising the trustee). Here, neither of the trustees have filed a claim. Moreover, here, as in Spinner, there are potential conflict of interest problems. As soon as the judgment against Commercial Union was entered, differences developed between Toyias and his fellow beneficiaries, which had to be resolved by the Court. Marmer’s affidavit details those disputes. Because of past litigation with respect to the proper apportionment of the settlement proceeds, there is a potential conflict between the trustees and the beneficiaries. Therefore, as the trustee’s lawyer, Marmer is exempt from liability as a matter of law as to the negligence claim asserted here.
II. Breach of Contract Claim
It is undisputed that Toyias, as well as the trustees and other beneficiaries, was Marmer’s client under the express terms of the legal services contract in which Marmer was retained. Marmer contends that the contract governed only the services Marmer was to render in recovering damages due the trustees under the fire insurance policy with Commercial Union. According to Marmer, the contract had nothing to do with Marmer’s post-judgment activities in liquidating an execution that was exclusively for the trustees’ benefit. Nothing adduced in the summary judgment materials refutes this contention. No contract between Toyias and Marmer for legal services rendered with respect to the Maffei matter has been presented for the Court’s inspection. There cannot be a breach of contract where a contract has not been shown to exist. The evidence indicates that any contract with respect to the action against Maffei existed only between the trustees and Marmer. If the beneficiaries believe that the trustees have abdicated their responsibilities in regard to pursuing potential malpractice actions against Marmer, their cause of action lies against the trustees themselves — not the trustees’ attorney.
Marmer defends this lawsuit by arguing, in the alternative, that he is sheltered from liability due to Massachusetts’ refusal to recognize the doctrine of anticipatory breach. Even if Toyias had some form of standing to sue, Marmer argues, the cause of action has not ripened since, under G.L.c. 260, §20, there is merely the presumption that an execution has been satisfied at the end of twenty years — a presumption that may be rebutted by proof that it has not been paid. Under this theory, Toyias’ cause of action would not accrue for at least another twenty years. Whatever the merits of this argument may be, it is clear that this Court need not decide this issue in order to reach a disposition in this case. It therefore declines to do so. For all of the reasons discussed, summary judgment must enter for the defendant.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant’s motion, treated as a motion for summary judgment, is ALLOWED. Judgment is to enter for the defendant.

Mass.R.Civ.P. 12(b) provides, in pertinent part, that if “on any motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Plaintiff declined to file any materials in response to the attachments that the defendant provided in support of his motion. Thus far, plaintiff has not presented Rule 56(c) documents in support of his claims or informed the Court of his intention do so. Out of an abundance of caution, plaintiff will be given a further opportunity to respond. If plaintiff believes that there are documents which would preclude the entry of summary judgment for defendant, he must present these documents, along with a motion for reconsideration, to this Court within 21 days of the issuance of this decision, at which time the Court may reconsider whether plaintiffs claims may be revived.

A motion to compel the production of these documents has not been filed with the Court.