SUPERIOR COURT 
 
 JOHN REID, Plaintiffs vs. STANLEY KROLL, ET AL. Defendants

 
 Docket:
 2181CV00769
 
 
 Dates:
 November 29, 2021
 
 
 Present:
 James Budreau Associate Justice Superior Court
 
 
 County:
 MIDDLESEX, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS’ MOTION TO DISMISS

 
 

 The Defendants have filed a Motion to Dismiss pursuant to Mass. R. Civ. P. 12(b)(6) seeking to dismiss Counts I and II. The Plaintiff alleges that he is entitled to damages caused by a poorly drafted joint divorce settlement agreement that ultimately allowed his spouse to collect alimony through a modification despite the original intent by the parties to collectively waive alimony. At the core of his complaint, Plaintiff alleges that Defendant Stanley Kroll drafted this settlement agreement in his capacity as a lawyer. Defendant Kroll responds that he drafted this agreement as part of a mediation where the Plaintiff agreed to hold the Defendants harmless for any drafting mistakes and acknowledged that Defendant Kroll was not representing the divorcing couple in his legal capacity. The Plaintiff’s Complaint attaches a number of documents that were reviewed and considered by this Court.
DISCUSSION
The Defendants’ Motion to Dismiss raises interesting questions about when a mediator, who is also a lawyer, crosses the line from merely being a mediator to providing legal advice to a client. Did the Defendant cross that line by drafting a complex legal separation agreement to settle the Plaintiff’s divorce action with his wife, who is a nonparty. Are the “hold harmless” provisions and declarations that the Defendant was not acting as a lawyer effective if a mediator switches hats to a lawyer and provides legal advice to the couple seeking a divorce. These issues will be discussed in more detail below.

-1-

I Motion to Dismiss Standard
The Defendants have moved to dismiss both of the Plaintiff’s negligence claims pursuant to Mass. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). “The allegations must be more than ‘mere labels and conclusions,’ and must ‘raise a right to relief above the speculative level.’” Buffalo-Water 1, LLC v. Fidelity Real Estate Co., LLC, 481 Mass. 13, 17 (2018) (quoting Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 165 (2014)). The Court’s review is limited to the factual allegations of the complaint and facts contained within any attached exhibits, see Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 285 n.6 (2007), as well as any matters of public record and documents relied upon in the complaint itself. See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004); Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). The Court must “accept a s true the factual allegations in the complaint and the attached exhibits, [and] draw all reasonable inferences in the plaintiff’s favor ” Buffalo-Water 1, LLC, 481 Mass. at 17.
II Analysis
The Defendants’ Motion raises interesting questions about when a mediator, who is also a lawyer, crosses the line from merely being a mediator to providing legal advice to a client. The Plaintiff alleges in his Amended Complaint that Defendant Kroll acted as both a mediator and lawyer throughout but critically clearly crossed the line into his capacity solely as a lawyer when drafting a complex legal separation agreement for Plaintiff’s divorce action with his wife, who is a nonparty. The Plaintiff alleges that the Defendant agreed to draft this separation agreement and then “file a joint petition for divorce with the probate Court to effectuate their divorce.” See Amended Complaint, Para 8. The Plaintiff further alleges that the Defendant Kroll drafted this separation agreement solely in his capacity as a lawyer.
A mediator is not permitted to “provide legal advice, counseling, or other professional services in connection with the dispute resolution process,” even if that individual is an attorney. Rule (9)(c)(iv) of the Uniform Rules of Dispute Resolution (URDR). The Supreme Judicial Court has found that a lawyer is not practicing law when providing mediation as long as his/her

-2-

conduct is consistent with the URDR. See In re Bott, 462 Mass. 430, 434 (2012). Supreme Court Rule 1:18, which governs mediators, defines the mediation process as follows:
Mediation” means a voluntary, confidential process in which a neutral is invited or accepted by disputing parties to assist them in identifying and discussing issues of mutual concern, exploring various solutions, and developing a settlement mutually acceptable to the disputing parties.
S.J.C. Rule 1:18, URDR Rule 2.
Thus, a mediator is not practicing law by definition by simply “developing a settlement agreement.” This begs us to ask the question: What does this term “developing a settlement agreement” encompass. Are mediators limited to simply creating a memorandum of understanding between the parties and encouraging them to secure independent counsel to draft the actual settlement agreement or can they, with the parties’ consent, draft the actual settlement agreement that the parties will depend upon and use in Court. The URDR language is not clear about what constitutes “developing a settlement agreement” in mediation, but one source of guidance may very well be the reality that nonlawyer mediators are presumably not permitted to draft a legal separation agreement or contract to be used in court since they cannot practice law.
Whether a particular activity constitutes the practice of law is fact specific. Matter of Shoe Mfrs Protective Ass’n, 295 Mass. 369, 372 (1936). See Bott 462 Mass. at 432 (“Whether a particular activity constitutes the practice of law ‘must be decided upon its own particular facts’”). While a comprehensive definition would be impossible to frame what constitutes “the practice of law”, in general, it consists of:
[D]irecting and managing the enforcement of legal claims and the establishment of the legal rights of others, where it is necessary to form and to act upon opinions as to what those rights are and as to the legal methods which must be adopted to enforce them, the practice of giving or furnishing legal advice as to such rights and methods and the practice, as an occupation, of drafting documents by which such rights are created, modified, surrendered or secured ....
Shoe Mfrs Protective Ass’n, 295 Mass. at 372.
Based upon the well pleaded allegations in the Plaintiff’s Amended Complaint, this Court finds that drafting a settlement agreement, such as the one done here, where it was understood that the clients would rely upon its use to secure rights during a Probate Court action, constitutes the practice of law. The Separation Agreement (“Agreement”) at issue here is not a document that nonlawyer mediator could or should produce. It involves concepts and legalese that must be

-3-

explained by a lawyer familiar with this area of practice. See Amended Complaint, Exhibit B. The Amended Complaint, therefore, sufficiently alleges that Defendant Kroll provided legal advice in producing this Agreement and the Plaintiff and his wife jointly relied upon that legal advice when filing it in Probate Court.
The Defendants argue that this allegation is false and is refuted by other documents and written agreements. The fact that the alleged attorney-client agreement is not in writing is not dispositive. See Devaux v. Am Home Ins. Co., 387 Mass 814, 817-818 (1983) Nor is the fact that the parties have presented conflicting evidence about whether a separate agreement existed. This Court must take the facts pleaded in the Plaintiff’s complaint as true together with all reasonable inferences that can be drawn from those facts and determine whether a cause of action plausibly lies therein. Spinner v. Nutt, 417 Mass. 549, 550 (1994).
The Defendants also contend that any liability is waived by the Plaintiff given the plethora of agreements by the Plaintiff that he would hold the Defendants harmless in defendant Kroll’s capacity as a mediator. This unwritten attorney-client agreement is, however, substantively different than the mediation agreement. See Amended Complaint Exhibit A (“Consent to Mediate”). The mediation agreement’s limitation provisions, which apply to Defendant Kroll’s role as a mediator, do not extend to the additional unwritten attorney client agreement alleged here.
The Defendants pivot and argue that the Separation Agreement itself contains provisions that limit Defendant Kroll’s liability and give the parties notice that he was not acting as a lawyer at any point during this process. First of all, these proclamations of “no legal advice” are contradicted by Defendant Kroll’s conduct where he clearly provided legal advice and services by drafting this Separation Agreement.
Second, and equally problematic, is the conflict that Defendant Kroll’s representation raises given the adversarial nature of a divorce. The Professional Code of Conduct prohibits limitations on liability in joint representation presumably for this very reason.  See Mass. R. Prof. C. 1.8(h)(1)(“A lawyer shall not make an agreement prospectively limiting the lawyer’s liability to a client for malpractice unless the client is independently represented in making the agreement”). There are also questions about whether the mediator compromises his appearance of independence upon switching to the lawyer role as Defendant Kroll purportedly did here. The limitations on waiver as expressed in the Separation Agreement have no legal effect given that

-4-

the Amended Complaint sufficiently pleaded that Defendant Kroll engaged in dual or joint representation in a divorce action.[1]
In summary, the Plaintiff has sufficiently pleaded in his Amended Complaint that an attorney-client relationship existed between Defendant Kroll, the Plaintiff and his prior wife, separate and distinct form the mediation agreement. Consequently, Defendant Kroll had a duty to furnish said legal services, which included the drafting of the Separation Agreement and any related advice given to the divorcing couple, competently. The Plaintiff has sufficiently pleaded that Defendant Kroll breached that duty by negligently drafting this Agreement, which the Plaintiff relied upon to his detriment. Given the joint legal representation, any attempts to limit liability by Defendant Kroll are violative of public policy and ineffective pursuant to Mass. R. Prof. C. 1.8(h)(1).
This Court finds that Plaintiff’s allegations plausibly suggest an entitlement to relief for both Counts.
Motion is DENIED.

/s/James Budreau Associate Justice Superior Court
November 29, 2021

-------------------------------------

[1] While Defendant Kroll responds that he did not file the Petition for Divorce and did not enter an appearance, this is a question better addressed to a jury. For purposes of a Motion to Dismiss, these allegations would not change the conclusions by this Court as the Plaintiff has pleaded that the parties entered into an attorney-client relationship before the Separation Agreement was drafted. Whether Defendant Kroll filed the Petition or entered an appearance in Probate Court do not vitiate the allegations made in the context of a Rule 12(b)(6) motion.

-5-

xxz