Fremont-Smith, Thayer, J.
Sabrina Lanz and her law firm, Fee, Rosse & Lanz, P.C., represented sellers at a real estate closing at which plaintiffs purchased the left-hand condominium unit, believing it was the right-hand condominium unit, which had already been sold. Shortly after they had moved in, the title owner to the unit showed up and demanded that plaintiff vacate the unit. As the sellers have absconded with the purchase money, plaintiffs have sued the seller’s real estate agents, Brenda Cote and Coldwell Banker for misrepresentation and negligence, sued their own attorney, Natasha Amitan for negligence, sued the seller company, Perception Ventures (“PVj and its principals[1] for breach of contract, misrepresentation, rescission and G.L.c. 93A violation, and, in Counts XI-XII, (which are the subject of this motion), sued the seller’s attorney Lanz and her law firm, for negligence and misrepresentation.
The following facts are alleged.
Prior to the closing, PVL had provided plaintiffs’ broker, Cote with an erroneous floor plan, and Cote had forwarded it to plaintiffs and to plaintiffs attorney, Amitan. Plaintiffs then signed a purchase and sale agreement prepared by Amitan, having been told by Cote that the floor plan was “official” and therefore accurate. Amitan obtained a title report not noticing that appended to the title report, there was a floor plan which correctly showed the units’ locations. Lanz contends that, at the closing, she told plaintiffs not to ask her questions, but rather to direct their questions to their attorney, Amitan, but plaintiffs contend that, when asked, she pointed to a plan which indicated the plaintiffs’ unit as the right-hand unit. It is also alleged that there was produced at the closing a certified architect plan which correctly identified the location of the unit in question, which was placed on the table in plain view of the plaintiffs. Plaintiffs further allege, and defendants deny, that Lanz had the correct plan at her disposal all the time, but intentionally kept it from being seen by the plaintiffs or their attorney, and denied when asked that any other (i.e., correct) plan existed. It is not disputed that the plaintiffs wrongfully believed they were purchasing the lower right-hand unit, as they moved into it the same day as the closing, December 23, 2004. On December 28, the legal owners of the unit showed up and demanded possession.

DISCUSSION

This Court applies the well-established rules of summary judgment. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 712-15 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16- 17 (1989); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). While disfavored in negligence actions, this Court grants summary judgment where no rational view of the evidence permits a finding of negligence. Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). In cases where motive, intent or other state of mind questions are at issue, as in fraud, summary judgment is generally disfavored. Mulford v. Marago, 35 Mass.App.Ct. 805, 809 (1994).
The first question as to the negligence claims is whether the seller’s attorney owed a legal duty of due care to the buyers in the circumstances. “An attorney owes a duty to non-clients who the attorney knows will rely on the services rendered,” but no duty is imposed if such a duty “would potentially conflict with the duty the attorney owes to his or her client.” McCarthy v. Landry, 42 Mass.App.Ct. 488, 490 (1997). In Horvath v. Adelson, Golden & Loria, P.C., 55 Mass.App.Ct. 1113 (2002), (2002 WL 19S 1997, unpublished), the Court affirmed the Superior Court’s allowance of summary judgment, where, at a closing with respect to refinancing of existing residential mortgages, the lenders and borrowers each had their own attorneys at the closing. The Court found that a potential conflict of interest existed which would have prevented defendant attorneys from representing both sides at the closing, so that the attorney owed no duty of care to the non-clients. The Court affirmed the dismissal not only of the negligence claim, but also of the negligent misrepresentation claim, both because there was no duty owed to the non-clients, and because, under the circumstances, plaintiffs could not have reasonably relied on the words or actions of the defendant attorneys. The situation is substantially the same in this case as regards the negligence and negligent misrepresentation claims. It is not disputed that each side had their *682 own attorney, and that the parties had a conflict of interest such as would have prevented Lanz from representing both the buyers and the seller.
There are additional facts alleged, however, raising an issue of material fact whether Lanz and her firm made intentional misrepresentations (see the facts noted above which are also described at p. 2 of the opposition). Certainly, as plaintiffs contend in their opposition, attorneys do owe a duty, even to non-clients who are in an adversarial position, not to “lie, trick or otherwise misrepresent facts.” An issue of fact is thus raised by plaintiffs’ allegations in this regard, as well as in regard to whether plaintiffs justifiably relied on any such misrepresentations (which is ordinarily a jury question).

ORDER

Accordingly, the motion for summary judgment as to Count XI (negligence) is allowed, and Count XI is dismissed. The motion is allowed insofar as count XII alleges negligent misrepresentation, but is denied insofar as it alleges intentional misrepresentation.

Perception Ventures is out of business, and its principals have fled the country with the purchase money.